IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC GRAY, # K-75868 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-039-SMY |
| | ) |
| VIPEN SHAH, | ) |
| DIRECTOR, I.D.O.C., | ) |
| SUZANN BAILEY, | ) |
| and WARDEN LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants have been deliberately indifferent to his medical needs, which he says were caused by consuming large amounts of soy in the prison meals. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Under these standards, some of Plaintiff's claims survive preliminary review.

## The Complaint

Plaintiff asserts that Defendants have violated his rights by adopting a policy to feed Illinois prisoners a soy-based diet, because soy is cheaper than animal foods (Doc. 1, p. 5). He claims that Defendants are aware that the consumption of soy leads to "severe medical problems" because female inmates in the custody of the Illinois Department of Corrections ("IDOC") sued over this issue and now are no longer fed soy-based meals. Further, Defendant Dr. Shah and Wexford Medical Sources[1] have conspired to refuse to treat soy-related complaints

---

[1] Plaintiff mentions Wexford Medical Sources ("Wexford") several times in the body of his complaint. However, he failed to include Wexford as a Defendant herein, either in the case caption or in the list of

or create any documents when inmates complain of soy-related problems. Defendant Bailey (Pinckneyville Food Service Administrator) joined in the conspiracy with Wexford and Defendant Shah to avoid producing any documents mentioning soy-based medical issues. Plaintiff claims that these Defendants "make and keep millions of dollars from the animal foods they don't serve inmates" (Doc. 1, p. 6).

Plaintiff states that he entered IDOC custody on or about June 2012 and soon discovered that he was experiencing new medical problems, which he attributes to his consumption of soy products in the prison diet. Of greatest concern to Plaintiff is that his sperm count has fallen to almost zero. Plaintiff's other symptoms include diarrhea which lasted over three months; vomiting every time he ate a meal served the prison dietary unit; severe headaches lasting the entire day; severe weight loss; and extreme gas (Doc. 1, pp. 5-6).

In October 2014, Plaintiff began to send requests to see the doctor about these problems and renewed his requests nearly every month. However, each time Plaintiff saw Defendant Dr. Shah, the doctor told him to drink more water, buy more food at the commissary and "just don't eat the soy" (Doc. 1, p. 5). On at least three occasions, Defendant Shah told Plaintiff that "we don't treat soy problems." Id. Plaintiff wrote to Defendant Lashbrook and Warden Spiller[2] to inform them that Defendant Bailey is ordering soy-based diets. Plaintiff seeks compensatory and punitive damages (Doc. 1, p. 7).

---

named Defendants on pp. 1-2 of the complaint (Doc. 1). When parties are not listed in the caption, this Court will not treat them as Defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). If Plaintiff intended to bring a claim against Wexford, he must submit an amended complaint.

[2] Plaintiff also did not list Warden Spiller in the case caption or include Spiller in his list of Defendants. As noted above with reference to Wexford, Spiller shall not be treated as a Defendant in this action, unless Plaintiff includes him in a proper amended complaint. Any amended complaint shall be subject to review pursuant to § 1915A.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Defendants have been deliberately indifferent to Plaintiff's medical needs by failing to treat the symptoms he attributes to his ongoing consumption of soy products, in violation of the Eighth Amendment;
>
> **Count 2:** Defendants conspired together to violate Plaintiff's rights by implementing the policy to serve a soy-based diet.

Count 1 shall proceed against one Defendant. Count 2 shall be dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted.

**Count 1 – Deliberate Indifference to Symptoms Allegedly Related to Soy Consumption**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable

measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes several ongoing symptoms that indicate a need for medical attention and possible treatment, including persistent diarrhea, vomiting, severe headaches and weight loss. The complaint thus arguably satisfies the objective component of an Eighth Amendment claim, whether or not these problems were in fact caused by the soy diet. The remaining question is whether any of the defendants acted or failed to act with deliberate indifference to a known risk of serious harm to Plaintiff from these symptoms.

Defendant Shah is the only medical provider mentioned in the complaint. He did see Plaintiff on several occasions for the symptoms Plaintiff describes, but according to Plaintiff, Defendant Shah gave him no meaningful treatment. Instead, Defendant Shah advised Plaintiff to avoid eating the soy foods and told Plaintiff that he would not treat soy problems. At this early stage of the litigation and taking Plaintiff's factual allegations as true, Defendant Shah's comments and actions indicate possible deliberate indifference to Plaintiff's medical symptoms. For this reason, the claim in **Count 1** against Defendant Shah shall receive further review.

However, the other defendants shall be dismissed from Count 1. Nothing in the complaint indicates that Defendant Lashbrook, Defendant Bailey or the Defendant IDOC Director had any involvement in Plaintiff's medical care (or lack thereof). Plaintiff does not claim to have contacted any of these individuals to notify them that he was not being treated for his diarrhea, vomiting, headaches or weight loss. If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the

prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because Plaintiff does not describe how these defendants would have had any knowledge of his serious medical complaints, he fails to state a claim against them for deliberate indifference to his health conditions. The claims in Count 1 shall thus be dismissed without prejudice against Defendants Lashbrook, Bailey and the IDOC Director.

### Dismissal of Count 2 – Conspiracy

Plaintiff asserts that the defendants conspired to violate his civil rights by adopting a policy to feed all inmates a soy-based diet, in order to save money. Additionally, he claims that the conspiracy included a plan to refuse medical treatment, avoid creating documents about soy-related complaints and refuse to answer grievances over soy issues. However, his conclusion that these actions amounted to an unlawful conspiracy is not supported by factual allegations.

Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)). The mere fact that the

Defendants in this case had some involvement in making or carrying out the dietary policies does not establish a conspiracy. There is no factual support for the idea that the policy to replace meat products in the prison diet with soy was aimed solely at Plaintiff, or that the Defendants had a meeting of the minds to harm Plaintiff (or any other prisoner). The conspiracy allegations regarding the soy diet plan do not support a viable claim.

Plaintiff's assertion that the conspiracy included an agreement between two or more of the defendants to refuse medical treatment for soy-related ailments, to avoid creating documents and a refusal to answer grievances are similarly devoid of factual support. These claims rest solely on Plaintiff's own conclusions. Such conclusory legal statements are insufficient to state a claim that survives review under § 1915A. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). If there was indeed a policy or practice to refuse certain medical treatment to inmates, it would be relevant to the claims in Count 1 and can be considered in that context. On the other hand, a supposed conspiracy to avoid creating documents and to refuse to answer grievances does not implicate any constitutional rights. Conspiracy is not an independent basis of liability in §1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). Accordingly, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motions

The motion for service of process at government expense (Doc. 2) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on the Defendant who remains in the action. No service shall be made on the dismissed Defendants.

Plaintiff's motion for recruitment of counsel (Doc. 4), and his "Unusual" motion for appointment of counsel (Doc. 10) shall be referred to the United States Magistrate Judge for further consideration.

Plaintiff's motion for copies (Doc. 8) is **DENIED**. Plaintiff requests the Clerk to send him copies of Documents 1-5, which Plaintiff himself filed in his case. He states that he did not receive those documents. Documents 1-4 were all electronically submitted by prison staff for filing with the Court, on Plaintiff's behalf. Prison staff should have returned the original documents to Plaintiff, and he has the responsibility to retain his originals. The Clerk will, however, provide copies of any documents filed with the Court upon pre-payment of the copying charge of $0.50 per page. Document 5 is the letter from the Clerk to Plaintiff which advised him of the case number, and enclosed with that letter was a copy of the consent/non-consent form for the case to be heard by the U.S. Magistrate Judge. Plaintiff has since returned the magistrate form to the Court, so it appears that he did indeed receive Doc. 5. If Plaintiff wishes to have copies of Documents 1-5, he may submit his request to the Clerk along with his payment in the amount of $ 12.00 for the 24 pages.

## Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **DIRECTOR of IDOC, BAILEY,** and **LASHBROOK** are **DISMISSED** from this action without prejudice.

As to the claims in **COUNT 1**, the Clerk of Court shall prepare for Defendant **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified

by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 4 & 10).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2016**

s/ STACI M. YANDLE  
**United States District Judge**
